1:24 MJ 4166

**AFFIDAVIT**

Your Affiant, Nathan E. Schwartz Jr., deposes and states:

1. I am a Special Agent ("SA") of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and has been so employed since May 2020. I was previously employed as a Police Officer ("PO") for the Columbus, Ohio Division of Police beginning in June 2013. I have completed the Peace Officer Training Academy at the Columbus, Ohio Division of Police Training Academy, the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia and the Special Agent Basic Training Program at the ATF National Academy in Glynco, Georgia. I have received training in the enforcement of the various criminal statutes enacted in Title 18 and Title 21 of the United States Code, to include the Gun Control Act of 1968 and in the National Firearms Act of 1934.

2. I am presently assigned as a Special Agent for the ATF Columbus Field Division's Cleveland Group IV. As a PO for the Columbus, Ohio Division of Police and as an S/A for the ATF I have participated in federal and state investigations involving the sale, possession and trafficking of firearms and controlled substances. During these investigations, I have become familiar with various investigative techniques, including electronic surveillance, the use of undercover agents and informants, and controlled purchases of firearms and drugs from suspects. I have participated in investigations with an undercover agent purchasing firearms and drugs from suspects. I have also participated in physical surveillance operations and the execution of state and federal arrest warrants and search warrants, resulting in state and federal prosecution of defendants. In addition to utilizing the aforementioned investigative techniques, I have

1

been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap-and-trace devices, cell phone and cell site location information, precision cell phone location data, utility records, and telephone toll and subscriber records. My work with informants and cooperators has involved, among other things, monitoring meetings and recorded conversations, and generally evaluating the reliability and truthfulness of an informant/cooperator. Because of my training and experience, I have become familiar with the manner in which illegal firearm and drug traffickers smuggle, transport, store, conceal and distribute firearms and drugs, as well, as how they collect, and launder proceeds related to such activities. I am also familiar with the manner in which these individuals use telephones, coded communications, false or fictitious identities, and other means to facilitate illegal activities and thwart law enforcement investigations. I have also consulted and discussed the investigations with other law enforcement officers and agents who are experienced in these types of investigations.

3. This affidavit is being submitted for the limited purpose of establishing probable cause that Carl P. LEWIS did commit the crime of Robbery of Mail, Money, or Other Property of the United States, in violation of Title 18, United States Code, Section 2114(a), and the crime of Use, Carry and Brandish a Firearm, During and in Relation to a Crime of Violence, which may be prosecuted in a court of the United States, to wit: Robbery of Mail, Money, or Other Property of the United States, in violation of Title 18, United States Code, Section 2114(a), as charged, and in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). The statements contained in this affidavit are derived from information provided to me by members of the ATF, the Cleveland Police

Department ("CPD") as well as my own investigation of this matter. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. The Bureau of Alcohol, Tobacco, Firearms and Explosives opened an investigation into suspected firearms trafficking being facilitated by a firearms broker, known to law enforcement but not named herein, designated as Identified Cooperator (IC-1). SA Schwartz received information from ATF confidential informant (CI-30641) that IC-1 contacted CI-30641 via a social media platform and provided CI-30641 with IC-1's phone number. SA Schwartz utilized law enforcement resources and obtained an Ohio Bureau of Motor Vehicle (BMV) photograph of IC-1, which was shown to CI-30641, who positively identified the photograph as being IC-1. IC-1 and CI-30641 exchanged recorded text message conversations regarding the sale of firearms. CI-30641 and IC-1 exchanged text messages about different types of firearms for sale, the prices of the firearms, and pictures of the firearms, IC-1 purported to have several firearms sources. IC-1 sent CI-30641 a screenshot of a text message conversation between IC-1 and a suspected gun source, who was later identified as Carl LEWIS.

5. On October 10, 2024, ATF attempted a controlled purchase of three firearms from a male, identified later in the investigation as LEWIS, utilizing CI-30641. The attempted purchase was facilitated by IC-1. During the course of the attempted purchase CI-30641 and the CI vehicle (CIV) were equipped with audio/video recording equipment. SA Schwartz searched CI-30641 and the CIV prior to the attempted purchase to ensure that no items of contraband were located on either CI-30641 or within the CIV. CI-30641 was provided $2,500 in pre-recorded buy money, United States currency, by ATF prior to

the purchase.  IC-1 directed CI-30641 to pick up IC-1 at a location in the Greater Cleveland Area.  CI-30641 arrived and picked up IC-1, who directed CI-30641 to a residential address on the west side of Cleveland (robbery location).  Later, CI-30641 and IC-1 arrived at the (robbery) location, parked in the street, and LEWIS approached the CIV.  LEWIS asked "aye, where the duffie at?" (duffle bag to carry firearms).  IC-1 replied, "here, use my hoodie, bro" (money to be concealed and provided to LEWIS in a bag). LEWIS replied, "give me the duffie, give me the money, I'm about to grab y'all shit, I'm bout to bring y'all shit back."  LEWIS also inquired about drugs and asked, "you need some weed?"  CI-30641 replied, "no, not right now."  LEWIS replied, "man who needed the weed?"  IC-1 replied, "shit, me."  LEWIS said, "alright, give me the money, give me the duffie, I'm about to run in there and get y'all shit."  CI-30641 replied, "I need to see the burners (firearms) first, I can't give you the bread (money)." LEWIS replied, "man where the duffie at, this not gonna fit."  IC-1 replied, "I was about to say, use the hoodie, because we forgot the mother fuckin' bag."  LEWIS then walked away from the CIV and walked towards a residence.  Approximately two minutes later, LEWIS returned to the CIV, walked directly to the driver door, and stated, "money, twin, money, twin."  (LEWIS telling IC-1 that he needed the money for the firearms sale).  CI-30641 replied, "shit hop in with me real quick."  LEWIS replied, "man I'm about to smoke this n****, man, this n**** trippin'."  CI-30641 replied, "let me see the guns though" and "I got all this bread, I can't just give you the bread (money) without seeing the. . ." LEWIS replied, "man twin, I'm about to just toss this bitch inside, twin."  CI-30641 replied, "alright, just toss them on my lap, bro."  LEWIS replied, "bread, twin, I'm about to toss this bitch inside, twin."  CI-30641 opened the driver door of the CIV to exit

4

and Lewis was still standing directly outside the driver door.  IC-1 then exited the CIV.  CI-30641 asked, "what you doing?  What's up with your mans, bro?"  IC-1 replied, "woah, woah, woah, what's going on? Man, chill."  CI-30641 stated, "I just gave you all the money, bro."  LEWIS replied, "is this all?  I got to count it."  CI-30641 replied, "count it, then."  IC-1 stated, "we ain't gonna go nowhere, brody."  CI-30641 asked, "what is you doing?"  LEWIS replied, "y'all n**** trippin', man."  CI-30641 stated, "I just gave you all that money in your hand, bro.  Count that money, bro."  LEWIS replied, "y'all n**** trippin', y'all n**** trippin'."  CI-30641 replied, "here, here, y'all got it, y'all got it, y'all got it, y'all got it" and re-entered the CIV.  An unidentified second suspect (Suspect #2) is heard stating, "get up out of here.  Get up out of here."  CI-30641 then quickly drove off and left in the CIV, leaving IC-1 behind.

6. SA's made contact with CI-30641 who stated that the CI was just robbed.  CI-30641 stated that the male selling the firearms, later identified as LEWIS, and Suspect #2 came from behind the house, or inside of the house.  CI-30641 stated that Suspect #2 was a Spanish or light-skinned male who had a rifle with a laser on it, which was pointed at CI-30641.  CI-30641 stated that he and LEWIS struggled over the guns in the middle of the street.  CI-30641 described LEWIS as a light skinned male black, who had glasses on and was slim.  CI-30641 said LEWIS appeared to come out of the house but Suspect #2 came from the side or the back of the house.  CI-30641 stated that the CI handed LEWIS the $2,500 in U.S. Currency owned by the United States government, and then LEWIS tried to "snatch the bag (bag / T-shirt containing guns) back".  CI-30641 stated that he exited the CIV and he and LEWIS "started tussling over the bag (bag / T-shirt containing guns)."  CI-30641 started getting the bag / T-shirt containing the guns away from

5

LEWIS, then the CI believed LEWIS was trying to fire the trigger on one of the guns. CI-30641 could "hear, feel him clicking it" and still didn't let go, because CI-30641 believed LEWIS would shoot the CI if the CI let go of the guns. CI-30641 then observed Suspect #2 appear with a firearm pointed at the CI and that the firearm had a green and purple laser on it. CI-30641 stated that the CI was in fear of their life, then drove away from the location in the CIV.

7. IC-1 was later detained by law enforcement and interviewed. IC-1 provided information that LEWIS' first name was "Carl." IC-1 provided information that another person, known to law enforcement but not named herein, described as Identified Cooperator #2 (IC-2) introduced IC-1 to Lewis, and was assisting in coordinating firearms purchases. ATF SA's met with IC-2 who provided information regarding Carl LEWIS. IC-2 stated that IC-2 was introduced to LEWIS through a former girlfriend. IC-2 stated that IC-2 hadn't seen LEWIS recently, but that LEWIS recently texted IC-2 stating that LEWIS had firearms for sale. IC-2 told LEWIS that IC-2 had an individual, that being IC-1, who was interested in purchasing the firearms. IC-2 gave LEWIS IC-1's phone number, then LEWIS texted IC-1 to make arrangements for the sale of firearms to occur. IC-2 believed that another person, known to law enforcement but not named herein, described as Identified Cooperator #3 (IC-3) was the mother of LEWIS' child and showed SA's a Facebook account for IC-3. SA's located IC-3's residence and made contact with an individual at the location. SA's conducted several interviews, then were able to reach IC-3 on the phone. IC-3 provided SA's with LEWIS' last name and that LEWIS had previously been in jail for a sex crime involving a cousin within the last few years. SA's were able to obtain a photograph of LEWIS and showed the photograph to IC-2, who

6

confirmed that the individual in the photograph was LEWIS. SA's learned that LEWIS was previously convicted of the following felonies in the Cuyahoga County Court of Common Pleas:

   a. CR-16-603383-A – Robbery, a felony of the second degree
   b. CR-21-657072-A – Gross Sexual Imposition, a felony of the fourth degree
   c. CR-21-659173-A – Attempted Retaliation, a felony of the fourth degree, and Attempted Intimidation, a felony of the fourth degree.

8. On October 12, 2024, ATF SA's created a photo lineup utilizing the Ohio Law Enforcement Gateway (OHLEG) lineup wizard. The "seed image" of Carl LEWIS was placed by the OHLEG lineup in the second position of the six-image photo array. Utilizing the OHLEG lineup wizard, ATF SA's selected five images which were consistent with the physical description of LEWIS. ATF SA's contacted a Cleveland Division of Police Detective to be utilized as a "blind administrator" for the photo lineup. The Detective was selected because the Detective did not know the identity of LEWIS and knew no facts about the case. ATF SA's provided the CPD Detective with the photo lineup. The CPD Detective presented CI-30641 the photo lineup. CI-30641 reviewed the photo lineup and selected the second picture, LEWIS, as one of the two suspects involved with the robbery. CI-30641 was 100% confident with the selection and did not identify any other images as a person being associated with the robbery.

9. On October 14, 2024, an ATF TFO received a call from a person, known to law enforcement but not named herein, described as Identified Cooperator #4 (IC-4) stating that they were in possession of cell phone footage which showed the armed robbery that occurred on October 10, 2024. On October 15, 2024, the ATF TFO met with IC-4 and

obtained the video. ATF SA's reviewed the video, which depicted the robbery. The video showed the CIV parked in the street, with the driver's door open and CI-30641 and LEWIS standing in between the open driver door and the front seat. IC-1 was standing at the rear passenger seat on the driver's side looking towards the front seat. LEWIS did not have a shirt or shoes on and was only wearing shorts. ATF SA's observed a green laser beam directed at, and moving from the car, to CI-30631, and to IC-1. LEWIS then pulled away and appeared to be holding a rifle. Based on training and experience your Affiant is familiar with the characteristics of a rifle and the object LEWIS is holding is consistent with a rifle, particularly the shape and size, as well as the way he is manipulating it, barrel side towards the CI. CI-30641 returned to the driver's seat of the CIV and drove away. Simultaneously LEWIS pointed a rifle at the CIV and Suspect #2 walked towards LEWIS. Suspect #2 wore all black, with a black face mask, and appeared to be carrying a handgun with the green laser sight attached. Suspect #2 could be heard yelling "get the fuck up out of here." Your Affiant is familiar with the characteristics of a handgun particularly the shape and size and knows that laser sights are sometimes attached to handguns. The object Suspect #2 held in his right hand is consistent with a handgun, as well as the way it is being manipulated, pointed towards the CI with the laser sight pointed away from Suspect #2's body, and down the street towards the CI's car. The laser sight was visible on the street as Suspect #2 pointed the handgun down towards the street. LEWIS then picked up a hooded sweatshirt off of the ground, and LEWIS and Suspect #2 ran past the camera. LEWIS could be heard yelling "y'all n**** ain't about to rob me, hoe ass n****."

## CONCLUSION

10. Based on the above listed facts and circumstances, your Affiant affirms there is probable cause to believe that on October 10, 2024, LEWIS did commit the crimes of Robbery of Mail, Money, or Other Property of the United States, in violation of Title 18, United States Code, Section 2114(a), and the crime of Use, Carry and Brandish a Firearm, During and in Relation to a Crime of Violence, which may be prosecuted in a court of the United States, to wit: Robbery of Mail, Money, or Other Property of the United States, in violation of Title 18, United States Code, Section 2114(a), as charged, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii). Your affiant requests that an arrest warrant be issued for Carl LEWIS.

_____
Nathan E. Schwartz, Jr.
Special Agent
ATF

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim. R. 41(d)(3), on this 18th day of October 2024.



_____
JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE